1  BILL LOCKYER
   Attorney General of the State of California
2  JACOB A. APPELSMITH
   Senior Assistant Attorney General
3  STACY BOULWARE EURIE
   Supervising Deputy Attorney General
4  WILLIAM T. DARDEN, State Bar No. 155079
   Deputy Attorney General
5   1300 I Street, Suite 125
    P.O. Box 944255
6   Sacramento, CA 94244-2550
    Telephone:  (916) 323-3830
7   Fax:  (916) 324-5567

8  Attorneys for Defendant DEPARTMENT OF
   GENERAL SERVICES
9

10

11              IN THE UNITED STATES DISTRICT COURT

12              FOR THE EASTERN DISTRICT OF CALIFORNIA

13

14 | | |
|---|---|
| **SHARON PATERSON,** | CASE NO. 2:05-cv-0827-MCE-JFM |
| Plaintiff, | **STIPULATION AND ORDER TO MODIFY EXPERT DISCLOSURE DATE TO PERMIT COMPLETION OF REGULAR DISCOVERY PRIOR TO EXPERT DISCOVERY** |
| v. | |
| **CALIFORNIA DEPARTMENT OF GENERAL SERVICES, RAYMOND ASBELL and INTER-CON SECURITY SYSTEMS, INC.,** | |
| Defendants. | |

21        Through their counsel of record, all of the parties in the above-entitled action hereby

22 stipulate and respectfully request that the Court modify the expert disclosure deadline in this case

23 so that regular discovery may first be completed, with expert discovery to commence *after* the

24 close of regular discovery, based upon the following facts:

25        1.   On April 26, 2006, the Court signed a "Stipulation and Order To Continue The

26 Discovery Completion Date," ("Discovery Cut-Off Stipulation") extending that date to

27 September 29, 2006.   The previous discovery cut-off date of June 14, 2006, had been set by the

28 Court's Pre-Trial Scheduling Order of November 4, 2005.

1   However, at the time the Court entered that Order, Defendant Asbell had not yet been served and
2   thus his attorney had been unable to participate in the Rule 26 meeting of counsel or in the
3   setting of any pre-trial event dates. No other dates in the Court's November 4, 2005, Pre-Trial
4   Scheduling Order were affected by the Discovery Cut-Off Stipulation.

5       2.  After the Court entered the Discovery Cut-Off Stipulation, counsel for defendant
6   Inter-Con Security Systems substituted out of the case. The Court signed the substitution of
7   counsel on June 1, 2006. Inter-Con's newly retained counsel is now Kauff, McClain and
8   McGuire.

9       3.  Even prior to Inter-Con's substitution of counsel, discovery in this case was
10  delayed due to the unavailability of the initial court-appointed VDRP neutral in this case. After
11  several months, it became clear that the neutral's calendar was too crowded to accommodate the
12  parties, and the parties were required to ask the court to appoint a new neutral. Thus, discovery
13  was not able to begin in earnest until that VDRP process was completed. A Notice of
14  Completion of VDRP was filed on May 17, 2006.

15      4.  As it now stands, the schedule requires expert disclosures to commence on August
16  14, 2006, prior to the close of regular discovery on September 29, 2006. The parties have now
17  realized that modification of the regular discovery cut-off date, without modification of the
18  expert disclosure date, has placed the parties in the position of commencing expert discovery
19  before the facts of the case have been fully explored in regular discovery. Moreover, intervening
20  events have occurred since the filing of the original Discovery Cut-Off Stipulation that make it
21  impracticable and prejudicial for the parties to commence expert discovery until regular
22  discovery has been completed.

23      5.  For example, one of the parties has newly retained counsel, and permitting expert
24  disclosures after the close of regular discovery would permit all parties to disclose experts after
25  all parties have had a full and fair opportunity to learn and discover all relevant facts. Moreover,
26  Defendant Department of General Services (DGS) asked counsel for Plaintiff, on June 30, 2006,
27  to stipulate to a mental examination of Plaintiff.
28  ///

1 | On July 10, 2006, Plaintiff's counsel informed DGS's counsel that he will be unable to determine
2 | whether or not Plaintiff will agree to a mental examination in time for DGS to file a timely
3 | motion that would permit such an examination prior to the existing expert disclosure deadline.
4 | Thus, moving the expert disclosure date will also conserve judicial economy and avoid
5 | unnecessary motion practice.

6 |     7.    The parties make this stipulation so that, in accordance with normal pre-trial
7 | practice, they may disclose experts and file expert reports after regular discovery has even been
8 | completed. This stipulation is not made for the purposes of delay. The trial date in this case is
9 | set for March 14, 2006. The parties do not request a continuance of the trial date or any other
10 | date in the Pre-Trial (Status) Scheduling Order.

11 | Based on the foregoing, the parties hereby stipulate and agree that:

12 |     a.    Initial expert designations will be served on November 3, 2006;

13 |     b.    Pursuant to this Court's Pre-Trial Scheduling Order, supplemental/rebuttal
14 | experts shall be designated within 20 days after the designation of expert
15 | witnesses on November 3, 2006;

16 |     c.    The parties do not anticipate that expert discovery will affect the filing of
17 | dispositive motions under the facts of this case. The parties agree to
18 | complete discovery of experts in a timely manner that will permit
19 | compliance with the Court's existing deadline for filing a joint pre-trial
20 | statement.

21 |

22 | DATE: July 11, 2006                          By:   s/Lawrence King
23 |                                                             Lawrence King
24 |                                                              Attorney for Plaintiff
                                                             Sharon Paterson

25 | DATE: July 11, 2006                          By:   s/William Darden
26 |                                                             William Darden
                                                              Attorney for Defendant
                                                              Department of General Services

| | | |
|---|---|---|
| 1 | DATE:   July 11, 2006 | By:   s/Daniel O'Donnell |
| 2 | | Daniel O'Donnell |
| | | Attorney for Defendant Raymond Asbell |
| 3 | | |
| 4 | DATE:  July 11, 2006 | By:   s/Jeffrey Polsky |
| 5 | | Jeffrey Polsky |
| | | KAUFF, MCCLAIN AND MCGUIRE, LLP |
| 6 | | Attorney for Inter-Con Security Systems |
| 7 | **IT IS SO ORDERED:** | |

DATE: July 13, 2006

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE