UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SHARON PATERSON,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF GENERAL SERVICES, RAY ASBELL and INTER-CON SECURITY SYSTEMS, INC.,

Defendants.

No. 2:05-cv-0827-MCE-JFM

MEMORANDUM AND ORDER

----oo0oo----

Through the present lawsuit, Plaintiff Sharon Paterson ("Plaintiff") seeks redress for alleged sexual harassment and retaliation which she claims ultimately led to her discharge as a security guard employed by Defendant Inter-Con Security Systems, Inc. ("Inter-Con"). Plaintiff also named the California Department of General Services ("DGS") and one of its employees, Ray Asbell, as Defendants on grounds that much of the claimed harassment, as well as her ultimate termination, was instigated by Mr. Asbell.

///

While both DGS and Inter-Con initially filed Motions for Summary Judgment scheduled to be heard concurrently, DGS' motion has since been vacated as a result of its settlement with Plaintiff. The Court is also informed that Plaintiff has also resolved her claims against Ray Asbell. That leaves only Inter-Con's Motion for Partial Summary Judgment presently before the Court for adjudication. As set forth below, that Motion will be granted in part and denied in part.[1]

## BACKGROUND

Plaintiff was employed by Inter-Con, a private provider of security services to state facilities in Sacramento, California, between August of 2002 and October of 2003. Plaintiff was initially assigned as a guard at the Bateson Building, and claims that a state employee at that location began making inappropriate sexual comments and unwelcome sexual advances to her in the Fall of 2002. According to Plaintiff, when the employee in question, a janitorial supervisor, began to retaliate against Plaintiff for refusing his advances, she filed a written report with Inter-Con protesting the treatment she received. Plaintiff was subsequently transferred from her then job assignment. She claims she was then forced to take work at a series of less favorable locations and/or shifts.

///

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

After being reassigned to a state building under the supervision of Inter-Con employee John Cullifer, Plaintiff claims that Cullifer began a campaign of harassment in retaliation for Plaintiff's sexual harassment complaint. She alleges she was subjected to relentless verbal altercations, including comments with sexual innuendo, as well as attempted physical assault. Plaintiff asserts that this treatment ultimately precipitated a panic attack, along with a resulting medical leave beginning on December 3, 2002.

When Plaintiff returned to work on July 1, 2003, she was assigned to the Department of General Services, where she had supervisorial responsibility over seven or eight Inter-Con security guards patrolling State garages. She claims that Inter-Con's pattern of harassment continued unabated, and included subjecting her work performance to excessive scrutiny and discipline to which other employees were not subjected, providing her with inadequate equipment and interfering with the performance of her job duties.

It is undisputed that Plaintiff received substantial direction from DGS employee John Asbell, who provided daily instruction to Plaintiff and required regular reports from her concerning the performance of contracted security guards. Plaintiff alleges that Asbell interceded on her behalf in attempting to curb Inter-Con's continuing harassment and retaliation. About a month after initially reporting to Asbell, Plaintiff claims that Asbell insisted she provide oral sex because she "owed" him.

///

According to Plaintiff, during August and September of 2003, Asbell used his supervisorial position, and threats to have Plaintiff fired, in order to force Plaintiff to repeatedly engage in oral sex. Plaintiff and Asbell ultimately had sexual intercourse at Plaintiff's house at the end of September 2003. Plaintiff describes this incident as rape; Asbell claims the sex was consensual.

On October 1, 2003, just days after the alleged rape, Plaintiff (who described herself as emotionally distraught) was involved in a verbal altercation with the Manager of the State garage's Service Center concerning a repair to her vehicle that she felt had not been performed properly. After Plaintiff initially complained to Ray Asbell about the incident, he launched an investigation despite Plaintiff's apology for any unprofessional conduct on her part. Ultimately, Asbell and his manager asked that Plaintiff be removed from her assignment with DGS, and Plaintiff was subsequently terminated by Inter-Con for misconduct and insubordination.

Plaintiff asserts that Asbell learned, during the course of his investigation, that Plaintiff had filed a sexual harassment complaint prior to her DGS assignment. Plaintiff alleges that Asbell wanted to get rid of her because he feared she would make a similar harassment claim against him in connection with the repeated sexual favors he demanded. She further claims that the incident provided an excuse for Inter-Con to terminate her, both in light of their continuing retaliation in response to her previous complaint and due to the fact that she had made yet another complaint against a State employee.

According to Plaintiff, she initially went to the Sacramento office of the California Department of Fair Employment and Housing ("DFEH" on February 19, 2004 to complain about the treatment she received. She completed a Pre-Complaint Questionnaire at that time (attached as pp. 178-79 to Exhibit "B" to the Declaration of Lawrence J. King in Opposition to this Motion), which indicates that she was subsequently interviewed when she returned to DFEH on February 24, 2004. While Plaintiff circled only the category of sex discrimination in connection with her termination, and did not denote either harassment or retaliation, in a Supplemental Questionnaire prepared the day of her interview she referred to sexual harassment twice and raised the specter of retaliation by referring to her prior sexual harassment claim as constituting the "real reason" she was terminated. (King Decl., Ex. "B", pp. 184-87). In addition, Plaintiff provided a written statement to the DFEH dated February 23, 2004 (Id. at Ex. "J") in which she discusses both sexual harassment and retaliation in detail. Her allegations in that regard include the following unequivocal statement:

> "I believe I was fired from my position as security guard 2 (SG2) at Inter-Con because of my initial reporting of a sexual harassment claim, which Inter-Con disclosed to Ray Asbel [sic], a supervisor employed by the State of California, facilitated by Inter-Con's desire to dismiss me and its illegal disclosure of my confidential and personal information."

Plaintiff further alleges that at the time of her interview itself she also recounted what had happened, including her initial sexual harassment complaint, the subsequent retaliation she received from Inter-Con, and her encounters with Mr. Asbell. (Decl. of Sharon Paterson, ¶ 16).

The actual charge filed by DFEH on February 24, 2004 nonetheless alleges only that Plaintiff was terminated on the basis of her sex and replaced by a male employee. (DFEH Compl., Ex. "A" to the Decl. Of Jeffrey D. Polsky, p. IC-0182). In her Declaration, Plaintiff contends that she protested the scope of the complaint that was prepared to no avail:

> "The DFEH told me I had to sign the complaint forms they had prepared[2] if I wanted to go forward with my complaints. I told them that the forms they prepared did not seem to cover why I came to them and what I was complaining about. They told me that the forms they prepared were sufficient and I had to sign them if I wanted them to file my DFEH complaints. I was confused, but trusted they knew what they were doing."

(Paterson Decl., ¶ 16).[3]

///

///

///

///

///

///

///

///

---

[2] DFEH filed a second complaint against DGS concurrently with the Inter-Con complaint.

[3] Inter-Con has filed numerous objections to the Paterson Declaration. The Court has relied on that Declaration only with respect to Plaintiff's own version of events and her personal opinion as to what transpired with respect to the terms and conditions of her employment. Inter-Con's objections to those portions of the Declaration (including ¶ 16), are hereby overruled; the Court need not rule on the remainder of the objections. Significantly, Inter-Con does not allege that the opinions expressed by Plaintiff in her Declaration are contrary to the contents of her deposition.

The Motion for Summary Judgment presently before the Court is largely premised on Inter-Con's argument that Plaintiff's DFEH filings were insufficient to exhaust her administrative remedies as a prerequisite to filing civil claims against Inter-Con in this lawsuit. Inter-Con also alleges, however, that Plaintiff cannot state a triable issue with respect to her claims for sex discrimination.[4]

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense.

///

///

///

[4] While Inter-Con also alleges that Plaintiff cannot state a claim under California's Whistle Blower Protection Act, Cal. Gov't Code § 8547.1, in her Opposition papers Plaintiff expresses her intent to withdraw the Fifth Cause of Action to that effect. Summary adjudication as to the Fifth Cause of Action will therefore be granted.

*See* Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim ... may ... move ... for a summary judgment in the party's favor upon all or any part thereof."); *see also* Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a), 56(c); Mora v. ChemTronics, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non-moving party. U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962). Once the moving party meets the requirements of Rule 56 by showing that there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion, who "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Genuine factual issues must exist that "can be resolved only by a finder of fact, because they may reasonably be resolved in favor of either party." Id. at 250. In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. See T.W. Elec. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630-631 (9th Cir. 1987), citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

///

///

**ANALYSIS**

**1. Exhaustion of Administrative Remedies as to Plaintiff's Discrimination/Retaliation Claims**

It is undisputed that the DFEH Complaint filed on Plaintiff's behalf on February 24, 2004 was also concurrently filed by DFEH with the United States Equal Employment Opportunity Commission ("EEOC"), and that both DFEH and the EEOC issued right-to-sue letters in January and February 2005, following which this action was timely filed. (Inter-Con's Statement of Undisputed Fact No. 13-14; see also Plaintiff's Complaint, ¶ 8). Inter-Con's request for summary adjudication as to the First Cause of Action (for discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII")), and the Second Cause of Action (alleging the same conduct as running afoul of California's Fair Employment and Housing Act ("FEHA")) instead hinges on a claim that the allegations made in those claims were not raised during the administrative process and consequently cannot now be asserted through the present civil action. Inter-Con properly points out that the scope of the administrative complaint generally defines the permissible scope of a subsequent lawsuit. Ong v. Cleland, 642 F.3d 316, 318 (9th Cir. 1981); Yurick v. Sup. Ct., 209 Cal. App. 3d 1116, 1122-23 (1989). If allegations made in a civil action are neither similar nor reasonably related to the substance of the administrative charges they may be precluded under that standard. Ong, 642 F.2d at 320; Yurick, 209 Cal. App. 3d at 1121.
///

An exception to this general principle has been recognized, however, where the complainant informs the administrative agency of allegations that the agency nonetheless elects not to include in its complaint. In Albano v. Schering-Plough Corp., 912 F.2d 384 (9th Cir. 1990), for example, Albano's initial EEOC complaint alleged age discrimination in promotion. When Albano asked the EEOC to amend his charge to include a claim of constructive discharge, the EEOC refused to allow him to do so and assured him that his original charge for failure to promote encompassed the discharge claim. Albano subsequently filed suit and the district court granted summary judgment because the scope of Albano's civil complaint exceeded the scope of his civil charge. The Ninth Circuit reversed that decision on appeal, holding that equitable considerations may excuse a claimant's noncompliance with the scope requirement. Id. at 387. In making that determination, the court emphasized that the EEOC charge is primarily directed towards informal investigation and conciliation as opposed to a pleading giving notice to the employer. It found that the claimant should not be penalized because of the EEOC's own errors in failing to provide notice to an employer, and consequently determined that the plaintiff's action should proceed. Id. at 388.

///
///
///
///
///
///

In this case Inter-Con has not disputed that Plaintiff presented documentation to the DFEH, including both her Supplement to Pre-Complaint Questionnaire and the February 23, 2004 written narrative, prior to the filing of an administrative charge that unquestionably did not encompass the breadth of Plaintiff's allegations as contained in those documents, which clearly reference both sexual harassment and retaliation. Inter-Con has also produced no evidence to dispute Plaintiff's claim that she questioned DFEH personnel about whether the charge that was prepared included the full scope of her complaints. According to Plaintiff's Declaration, she was informed that the DFEH complaint was sufficient and that she had to sign it if she wished to proceed. (Paterson Decl., ¶ 16).

Although the facts in Albano differ from those in the case at bar in that the plaintiff in Albano sought to amend his complaint, and made repeated calls to the EEOC in an effort to do so, this Court does not view those distinctions as dispositive. Plaintiff here has produced evidence that she furnished evidence to the DFEH, both orally and in writing, that was not included within the subsequently filed complaint despite her having questioned the adequacy of that complaint as prepared. Plaintiff also claims she was told that the DFEH complaint was sufficient to cover all her claims. If true, those allegations on Plaintiff's part point to fault on the part of the EEOC for failing to file an adequate complaint. Albano stands for the proposition that those circumstances provide an equitable rationale for not barring Plaintiff herein from bringing her claims in court.

This Court simply cannot determine as a matter of law, based on the record before it, that summary adjudication in Inter-Con's favor is appropriate on a failure to exhaust theory.

Caselaw standing for the opposite conclusion is in the Court's view unpersuasive. In Rodriguez v. Airborne Express, 265 F.3d 890 (9th Cir. 2001), for instance, the Ninth Circuit did bar the plaintiff's claims on failure to exhaust grounds. While Rodriguez claimed he asked the DFEH consultant to pursue a charge of disability discrimination, he also indicated he may have been discharged for other reasons and there is no indication that Rodriguez challenged the adequacy of the ensuing complaint. Here, on the other hand, Plaintiff claims she not only recounted the instances of claimed sexual harassment and retaliation in her pre-complaint interview, but she also furnished documentation outlining the nature of those allegations ane protested the adequacy of the complaint once it was prepared. The circumstances of this matter clearly fall closer to Albano than Rodriguez.

**2. Failure to State Viable FEHA/EEOC Claims**

Having concluded that Plaintiff's First and Second Causes of Action survive summary adjudication on a failure to exhaust theory, both claims are procedurally viable insofar as they allege sexual harassment and retaliation. Inter-Con nonetheless cannot claim that Plaintiff is barred from bringing a claim for sex discrimination per se. Sexual harassment is a form of sex discrimination in employment.

Rojo v. Kliger, 52 Cal.3d 65, 73 n.4, 90 (1990). Hence if Plaintiff can state a claim for sexual harassment she has by definition also been subject to sex discrimination.

The evidence here establishes that Plaintiff's claim for sex discrimination hinges on the viability of her claim for sexual harassment. Plaintiff has produced no evidence to show, for example, that she was terminated because Inter-Con wanted to replace her with a male employee. Instead, the gravamen of her charge is 1) that she was retaliated against by Inter-Con for making sexual harassment claims, both at the onset of her employment at the Bateson Building and later by Ray Asbell while she worked at DGS; and 2) that she was harassed by John Cullifer prior to her medical leave in December of 2002, and by Mr. Asbell in August and September of 2003.

Hence the viability of Plaintiff's sex discrimination claim hinges on whether she can present an actionable sexual harassment claim at this time. As indicated above, Plaintiff's administrative charge with the DFEH was filed on February 24, 2004, and was concurrently filed with the EEOC. With respect to the sexual harassment Plaintiff alleges at the hands of the janitorial supervisor, even in the unlikely event Inter-Con did bear any liability for that incident (the supervisor was a state employee and Plaintiff has alleged no special circumstances pursuant to which Inter-Con could incur such liability for the supervisor's conduct), the harassment at issue occurred in the Fall of 2002, well over a year before the presentation of Plaintiff's administrative complaint.

///

The provisions of FEHA plainly state, at California Government Code § 12960(d), that "no complaint may be filed after the expiration of one year from the date upon which the alleged unlawful practice or refusal to cooperate occurred ..." Title VII provides an even shorter filing period in requiring that any claim also instituted with a State agency be filed not later than three hundred (300) days following the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e). Clearly, under either statutory scheme, Plaintiff's administrative complaint was untimely with respect to the Bateson Building harassment, and Plaintiff has offered no excuse and/or justification for her late filing in that regard. Consequently Plaintiff cannot pursue her present claims for sex discrimination in reliance on that harassment. A timely administrative charge is a precondition to the filing of a discrimination charge in court, whether under Title VII or FEHA. See Grywczynski v. Shasta Beverages, Inc., 606 F. Supp. 61, 65 (1984) and cases cited therein (California law); Inda v. United Air Lines, Inc., 565 F.2d 554, 559 (9th Cir. 1977) (Title VII).

With regard to later harassment at the hands of Inter-Con and its employees, all of that harassment, with one possible exception, was retaliatory rather than sexual in nature and consequently cannot provide the underpinnings for a sex discrimination claim.

///

///

///

///

The one exception concerns Plaintiff's allegation that John Cullifer ordered her to "zip her jacket up, no, I mean all the way up" at a point in time between November 26, 2002, when Plaintiff began working under Cullifer's supervision, and December 2, 2002, when she went out on disability leave. See Paterson Decl., ¶ 8). Even if Mr. Cullifer's comment in that regard could be considered sexual harassment, which is by no means certain, the comment still occurred well over a year before Plaintiff filed her administrative complaint and consequently cannot be asserted as a basis for relief in this proceeding.

The only other allegations sounding in sexual harassment concern Ray Asbell's alleged sexual demands. The Court was notified, however, on February 2, 2007 that Plaintiff had settled her claims against both Mr. Asbell and DGS. Inter-Con cannot incur any vicarious liability for claims against Mr. Asbell that Plaintiff has settled directly.

In sum, partial summary judgment is granted as to the First and Second Causes of Action only with respect to sex discrimination. Plaintiff continues to have viable claims against Inter-Con under both causes of action, however, for retaliation.

**3. Failure to Exhaust California Government Code § 1102.5 Claim**

Inter-Con argues that Plaintiff's Fourth Cause of Action, for breach of California Labor Code § 1102.5, is precluded because Plaintiff failed to exhaust her administrative remedies before the Labor Commissioner prior to bringing suit.

Section 1102.5 prohibits retaliation by an employer against an employee who reports what he or she believes to be a statutory violation to a governmental agency.

Inter-Con cites Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1180 (E.D. Cal. 2005) in support of its proposition that exhaustion of remedies before the Labor Commissioner is required. In Neveu, however, the plaintiff filed a government tort claim pursuant to the California Tort Claims Act (Cal. Gov. Code §§ 910 et seq.) that was simply rejected as untimely with respect to all claims before a certain date. There was no indication the claim was otherwise processed and the court noted the plaintiff had not even alleged that available administrative remedies had been exhausted. Id.

In Campbell v. Regents of Univ. of Cal., 35 Cal. 4th 311 (2005), the California Supreme Court found that while § 1102.5 was silent on any exhaustion requirement, the plaintiff in that case nonetheless had to exhaust the University of California's internal grievance procedure before filing suit. Id. at 329, 336.[5] Here, there is no question that Plaintiff did exhaust administrative remedies, with respect to the same conduct[6] that underlies her § 1102.5 claim, by filing claims with the DFEH and EEOC. That exhaustion appears consistent with Campbell's requirement.

---

[5] To the extent that Neveu interprets Campbell as requiring that remedies before the Labor Commissioner must necessarily be exhausted as a prerequisite to suit under § 1102.5, this Court disagrees.

[6] Plaintiff claims that Inter-Con engaged in a campaign of retaliation against her for complaining about unlawful sexual harassment she suffered on the job.

Although the decision in Murray v. Oceanside Unified Sch. Dist., 79 Cal. App. 4th 1338 (2000) technically deals with § 1102.1 (dealing with harassment on the basis of sexual orientation) rather than Section 1102.5, its reasoning is nonetheless instructive on the issue presently before the Court. The Murray court noted that where there were multiple administrative remedies that potentially applied to the plaintiff's claims, resort to one such remedy rather than all sufficed for exhaustion purposes. Id. at 1358.

The Court finds that because Plaintiff did resort to administrative remedies, the primary purpose of which is to promote investigation and conciliation between the parties (Albano, 912 F.2d at 388), her § 1102.5 claim does not fail for want of exhaustion.

**CONCLUSION**

Based on the foregoing, Inter-Con's Motion for Partial Summary Adjudication is granted with respect to claims of sex discrimination asserted in the First and Second Causes of Action. The Motion is also granted as to the Fifth Cause of Action, for violation of California's Whistle Blower Protection Act, Cal. Gov't Code § 8547.1, which Plaintiff has agreed to withdraw. Inter-Con's Motion is otherwise, however, denied.

IT IS SO ORDERED.

Dated: March 8, 2007

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE