UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SHARON PATERSON, | No. 2:05-CV-00827-MCE-JFM |
| Plaintiff, | |
| v. | ORDER GRANTING REQUEST FOR RECONSIDERATION |
| CALIFORNIA DEPARTMENT OF GENERAL SERVICES, RAY ASBELL and INTER-CON SECURITY SYSTEMS, INC., | |
| Defendants. | |

On March 8, 2007, this Court issued its Memorandum and Order adjudicating the Motion for Partial Summary Judgment ("Motion") filed on behalf of Defendant Inter-Con Security Systems, Inc. ("Inter-Con"). The bulk of Inter-Con's Motion was premised on its contention that Plaintiff failed to exhaust applicable administrative remedies, and consequently should be precluded from proceeding with this lawsuit.

///
///

1

1 The Court denied Plaintiff's contention in that regard, and
2 granted Inter-Con's Motion only with respect to Plaintiff's
3 claims of sex discrimination as asserted in the First and Second
4 Causes of Action (along with Inter-Con's uncontested request for
5 summary adjudication as to the Fifth Cause of Action, for
6 violation of California's Whistle Blower Protection Act,
7 California Government Code § 8547.1).  Plaintiff now moves for
8 reconsideration of the Court's Order disposing of her claims
9 sounding in sex discrimination.
10     Inter-Con's Motion sought summary adjudication of
11 Plaintiff's First and Second Causes of Action solely on grounds
12 that Plaintiff exhausted her administrative remedies only with
13 respect to the assertion that she was terminated because of her
14 sex.  The Court agreed, and continues to agree, that no evidence
15 has been presented that Plaintiff was terminated merely because
16 she was a woman.  In addition, however, the Court determined that
17 while Plaintiff could pursue a sex discrimination claim premised
18 on alleged sexual harassment, the only potentially viable claim
19 in that regard stemmed from Co-Defendant Ray Asbell's alleged
20 sexual demands on Plaintiff.  As to that claim, the Court found
21 that Mr. Asbell's settlement with Plaintiff precluded Plaintiff
22 from asserting claims against Inter-Con based on its vicarious
23 liability for Asbell's purported misconduct.  Consequently, the
24 Court dismissed the First and Second Causes of Action in their
25 entirety on grounds that Plaintiff had no cognizable claim for
26 sex discrimination against Inter-Con.
27 ///
28 ///

In requesting reconsideration, Plaintiff correctly points out that Inter-Con may in fact be directly liable under both state and federal law for Asbell's alleged sexual harassment if it knew or should have known of the harassment but failed to take immediate and appropriate corrective action. Even though Inter-Con was not Asbell's employer (he was employed by former Co-Defendant California Department of General Services), Inter-Con can be liable for the sexual harassment of one of its employees by a non-employee like Asbell. See Cal. Gov't Code § 12940(j)(1); Carter v. Cal. Dep't of Veterans Affairs, 38 Cal. 4th 914, 918 (2006) (state law); Freitag v. Ayers, 468 F.3d 528 (9th Cir. 2006) (federal law).

The issue of whether or not Inter-Con had knowledge of Asbell's conduct vis-a-vis Plaintiff was not raised by Inter-Con in its Motion for Partial Summary Judgment and consequently is not subject to summary adjudication. Because Inter-Con's liability for sexual harassment does not hinge solely on its derivative liability for Asbell's harassment (a liability the Court initially viewed as extinguished by Asbell's own settlement with Plaintiff), summary adjudication in Inter-Con's favor as to the First and Second Causes of Action was improper. The Court accordingly GRANTS Inter-Con's reconsideration request[1] as to that issue since reconsideration is appropriate, *inter alia*, where error in the Court's original decision has been demonstrated. See Sch. Dist. No. 1J, Multnomah County v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

3

1    As a final matter, the Court notes that Inter-Con, in
2 opposition to Plaintiff's reconsideration request, asks that it
3 be accorded leave to file a further motion for partial summary
4 judgment, in the event that Plaintiff is permitted to proceed
5 with sexual harassment claims, on grounds that it had no way of
6 knowing of Asbell's harassment and thereby incurring liability.
7 Trial in this matter is presently set for October 17, 2007,
8 however, and the time for filing dispositive motions has long
9 since expired.  As indicated above, Inter-Con did not previously
10 move for summary judgment on the issue of its knowledge of
11 Asbell's purported harassment, and Inter-Con did not request that
12 the deadline for filing dispositive motions be postponed in order
13 to secure testimony and/or evidence for moving for summary
14 adjudication on that basis.  Under the circumstances, Inter-Con
15 has not demonstrated good cause for deviating from the terms of
16 the Court's scheduling orders, as it must pursuant to <u>Johnson v.</u>
17 <u>Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).
18 Inter-Con's request for leave to submit another motion for
19 summary judgment is consequently denied.

21    IT IS SO ORDERED.

Dated: June 8, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4