UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON PATERSON, | No. 2:05-cv-00827-MCE-JFM |
| Plaintiff, | |
| v. | AMENDED FINAL PRETRIAL ORDER |
| CALIFORNIA DEPARTMENT OF GENERAL SERVICES, RAYMOND ASBELL AND INTER-CON SECURITY SYSTEMS, INC., | TRIAL DATE: **March 3, 2008**<br>TIME: **9:00 a.m.** |
| Defendant. | |

After reviewing the parties' Final Pretrial Statement, the Court makes the following orders:

I. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. sections 1331, 1343, 1367 and 42 U.S.C. section 2000e et seq. Jurisdiction and venue are not contested.

II. JURY

Both parties timely demanded a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

III. <u>UNDISPUTED FACTUAL ISSUES</u>

1. Inter-Con Security Systems, Inc. is a private provider of security guard services.

2. Inter-Con is an employer within the meaning of the Fair Employment and Housing Act and Title VII.

3. Inter-Con contracts with the State of California to provide security guards services for certain state facilities.

4. Inter-Con employed Sharon Paterson from August 18, 2002 until her termination.

5. In November 2002, Paterson complained (first to the State, then to Inter-Con) that Alvin Jones (a janitorial supervisor employed by the State) sexually harassed her during October and November 2002.

6. After Paterson complained about Jones' conduct, Inter-Con removed her from that assignment.

7. Paterson began a leave of absence from Inter-Con in December 2002.

8. When she returned from her leave of absence in July 2003, Paterson was assigned by Inter-Con to work as a supervisor at parking facilities run by the State's Department of General Services ("DGS").

9. At the time of Paterson's assignment to DGS, Ray Asbell was a State employee whose responsibilities included overseeing the Inter-Con contract.

10. Paterson alleges that Asbell sexually harassed her. Asbell denied that he did so.

2

1    11.  During her employment, Paterson never complained to
2 anyone at Inter-Con about alleged harassment by Asbell.
3    12.  On February 19, 2004, Paterson submitted a
4 Pre-Complaint Questionnaire to the California Department of Fair
5 Employment and Housing ("DFEH").  A true and correct copy of
6 that Questionnaire is Exhibit RR as referenced in Defendant's
7 Exhibit List.
8    13.  On February 23, 2004, Paterson provided a written
9 statement to the DFEH and filled out a supplement to her
10 pre-complaint questionnaire.  True and correct copies are
11 referenced in Defendant's Exhibit List as Exhibits SS and TT,
12 respectively.
13    14.  In November 2002, Paterson complained (first to the
14 State, then to Inter-Con) that Alvin Jones (a janitorial
15 supervisor employed by the State) sexually harassed her during
16 October and November 2002.
17    15.  After Paterson complained about Jones' conduct,
18 Inter-Con removed her from that assignment.
19    16.  On October 1, 2003, Paterson was involved in an
20 incident with Skip Evey, a State employee.
21    17.  Inter-Con suspended Paterson on October 6, 2003.
22    18.  On the Employee Counseling Report documenting the
23 suspension, Paterson apologized for her behavior, stated that
24 she had acted unprofessionally, and admitted that she made a
25 mistake.
26 ///

1    19.  On October 7, 2003, Asbell (on behalf of DGS) wrote Inter-Con demanding that Paterson be removed from the DGS assignment.

    20.  On October 9, 2003, Inter-Con terminated Paterson's employment contending that it did so based upon Asbell's October 7, 2003 written request that Paterson be removed from the DGS contract assignment.

IV.  DISPUTED FACTUAL ISSUES

The remaining claims for trial are:

**A.   Disputed Facts Relevant to Multiple Claims**

1.  Whether Inter-Con and DGS are "joint" employers of Paterson.

2.  Whether Asbell acted as Inter-Con's agent.

Plaintiff contends that the following issues are also in dispute

3.  Whether Inter-Con and DGS were Paterson's "dual" employers.

4.  Whether Asbell acted as Paterson's supervisor?

5.  Whether Inter-Con's actions after Plaintiff filed a formal harassment and retaliation complaint about Alvin Jones' conduct would deter a reasonable person from reporting subsequent incidents of sexual harassment and retaliation?

6.  Whether Inter-Con took immediate and appropriate remedial steps once it learned that Asbell had sexually harassed Paterson?

///

1    7.   Whether Inter-Con ratified Asbell's conduct by
2 refusing to correct Plaintiff's termination after it learned
3 that DGS had determined that Asbell had sexually harassed
4 Paterson and lied about it.

      **B.   Disputed Facts Relevant to Plaintiff's Claims of Sexual Harassment in Violation of the FEHA and Title VII**

7    8.   Whether Asbell sexually harassed Paterson.

    Plaintiff contends that the following issues are also in dispute:

10   9.   See #3-#7, above.

    Defendant contends the following issues are also in dispute:

13   10.  Whether Paterson has exhausted her administrative
14 remedies as to this cause of action.  (Plaintiff contends that
15 the Court has already decided this issue as a matter of law.)

16   11.  Whether Inter-Con reasonably should have known of
17 alleged harassment by Asbell of Paterson.

      **C.   Disputed Facts Relevant to Plaintiff's Claims of Retaliation in Violation of the FEHA and Title VII**

20   12.  Whether Inter-Con terminated Paterson in retaliation
21 for her complaints of alleged harassment by Jones.

    Plaintiff contends that the following issues are also in dispute:

24   13.  See #3-#7, above.

    Defendant contends that the following issues are also in dispute:

5

1  14. Whether Paterson has exhausted her administrative
2 remedies as to this cause of action.  (Plaintiff contends that
3 the Court has already decided this issue as a matter of law.)

   **D.  Disputed Facts Relevant to Plaintiff's Claims of Violation of the California Constitution**

6  15. Whether Inter-Con terminated Paterson based on her
7 gender.

8  Plaintiff contends that the following issues are also in
9 dispute:

10  16. See #3-#7, above.

11  17. Whether Inter-Con terminated Paterson in retaliation
12 for her complaints of harassment by Jones.

   **E.  Disputed Facts Relevant to Plaintiff's Claims of Violation of the Labor Code §1102.5**

15  18. Whether Inter-Con terminated Paterson in retaliation
16 for her complaints of alleged harassment by Jones.

17  Plaintiff contends that the following issues are also in
18 dispute:

19  19. See #3-#7, above.

20  Defendant contends that the following issues are also in
21 dispute:

22  20. Whether Paterson's complaints to DGS personnel about
23 Jones in November 2002 constitute complaints to a government or
24 law enforcement agency within the meaning of the statute.

25  All issues of fact remaining in dispute are subject to
26 proof at the time of trial.

6

V.  MOTIONS IN LIMINE

In limine motions shall be filed by **February 8, 2008**. Opposition must be filed by **February 15, 2008** and any reply must be filed by **February 22, 2008**.  In limine motions will be heard by the Court on **February 29, 2008, at 9:00 a.m.**

VI.  TRIAL BRIEFS

The parties are free to brief any additional points of law necessary for resolution at trial.  Counsel are directed to Local Rule 16-285 regarding the content of trial briefs.  Trial briefs **shall** be filed by **February 19, 2008.**

VII.  WITNESSES

Plaintiff anticipates calling the witnesses listed on Attachment "A".

Defendant anticipates calling the witnesses listed on Attachment "B".

Each party may call a witness designated by the other.

A.  No other witnesses will be permitted to testify unless:

(1)  The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2)  The witness was discovered after the Pretrial Conference and the proffering party makes the showing required in "B" below.

///

///

1    B.   Upon the post-pretrial discovery of witnesses, the
2 attorney shall promptly inform the Court and opposing parties of
3 the existence of the unlisted witnesses so that the Court may
4 consider at trial whether the witnesses shall be permitted to
5 testify.  The evidence will not be permitted unless:
6         (1)  The witnesses could not reasonably have been
7 discovered prior to pretrial;
8         (2)  The Court and opposing counsel were promptly
9 notified upon discovery of the witnesses;
10        (3)  If time permitted, counsel proffered the
11 witnesses for deposition;
12        (4)  If time did not permit, a reasonable summary of
13 the witnesses' testimony was provided by opposing counsel.
14   C.   The parties shall provide an original and three (3)
15 copies of their proposed witness list.
16   VIII.  EXHIBITS - SCHEDULES AND SUMMARIES
17   At present, Plaintiff contemplates by way of exhibits those
18 listed on Attachment "C".
19   At present, Defendant contemplates by way of exhibits those
20 listed on Attachment "D".
21   **Plaintiff's exhibits shall be listed numerically**.
22 **Defendant's exhibits shall be listed alphabetically**.  The parties
23 shall use the standard exhibit stickers provided by the Court:
24 pink for Plaintiff and blue for Defendant.
25 ///
26 ///

1  All multi-page exhibits shall be stapled or otherwise fastened
2  together and each page within the exhibit shall be numbered.  The
3  list of exhibits shall not include excerpts of depositions which
4  may be used to impeach witnesses.
5       Each party may use an exhibit designated by the other.  In
6  the event that Plaintiff and Defendant offer the same exhibit
7  during trial, that exhibit shall be referred to by the
8  designation the exhibit is <u>first</u> <u>identified</u>.  The Court cautions
9  the parties to pay attention to this detail so that all
10 concerned, including the jury, will not be confused by one
11 exhibit being identified with both a number and a letter.
12      A.   No other exhibits will be permitted to be introduced
13 unless:
14           (1)  The party proffering the exhibit demonstrates that
15 the exhibit is for the purpose of rebutting evidence which could
16 not be reasonably anticipated at the Pretrial Scheduling
17 Conference, or
18           (2)  The exhibit was discovered after the Pretrial
19 Scheduling Conference and the proffering party makes the showing
20 required in paragraph "B", below.
21      B.   Upon the post-pretrial discovery of exhibits, the
22 attorneys shall promptly inform the Court and opposing counsel of
23 the existence of such exhibits so that the Court may consider at
24 trial their admissibility.  The exhibits will not be received
25 unless the proffering party demonstrates:
26 ///

9

1          (1)   The exhibits could not reasonably have been
2    discovered prior to pretrial;
3          (2)   The Court and counsel were promptly informed of
4    their existence;
5          (3)   Counsel forwarded a copy of the exhibit(s) (if
6    physically possible) to opposing counsel.  If the exhibit(s) may
7    not be copied, the proffering counsel must show that he has made
8    the exhibit(s) reasonably available for inspection by opposing
9    counsel.
10     C.   As to each exhibit, each party is ordered to exchange a
11   copy identical to the Court's copy, or other reproduction of the
12   exhibit(s) in a three-ring binder(s) by **February 19, 2008.**  The
13   attorney or representative for each party is directed to present
14   the original exhibit(s) and two (2) copies for the Court.  The
15   exhibits should be delivered to the clerk's office on the fourth
16   floor of this courthouse, to the attention of Stephanie Deutsch,
17   Deputy Courtroom Clerk, no later than **3:00 p.m., February 19,**
18   **2008,** or at such earlier time as may be ordered by the Court.
19     D.   The Court shall be presented with a copy of the
20   exhibit(s) in a 3-ring binder(s) with a side tab identifying each
21   exhibit by number or letter.  Each binder shall be no larger than
22   three inches in width and have an identification label on the
23   front and side panel.
24     E.   The parties shall also provide a 3-ring binder(s),
25   identical to the Court's copy, for use on the witness stand.
26   ///

10

F.  The parties shall provide an original and three (3) copies of an exhibit list (corresponding to the marked exhibits).

IX.  DISCOVERY DOCUMENTS

A.  <u>Filing Depositions</u>.  It is the duty of counsel to ensure that any deposition which is to be used at trial has been filed with the Clerk of the Court.  Counsel are cautioned that a failure to discharge this duty may result in the Court precluding use of the deposition or imposition of such other sanctions as the Court deems appropriate.

B.  <u>Use of Depositions</u>.  The parties are ordered to file with the Court and exchange between themselves by **February 19, 2008** a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

C.  <u>Interrogatories</u>.  The parties are ordered to file with the Court and exchange between themselves by **February 19, 2008** the portions of Answers to Interrogatories which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

X.  FURTHER DISCOVERY OR MOTIONS

Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Final Pretrial Conference.

///
///
///

11

1 That order is confirmed.  The parties are free to engage in
2 informal agreements regarding discovery and law and motion
3 matters.  However, any such agreements will not be enforceable in
4 this Court.
5     XI.   AGREED STATEMENTS - JOINT STATEMENT OF CASE
6     The parties shall submit a short, jointly-prepared statement
7 concerning the nature of this case that can be read to the jury
8 at the commencement of trial (**NO EXCEPTIONS**).  The joint
9 statement of the case shall include in plain concise language the
10 claims of Plaintiff and claims of other parties, if any, and the
11 corresponding defense to the claims.  The purpose of the joint
12 statement of the case is to inform the jury at the outset, what
13 the case is about.  The statement shall be provided to the Court
14 by **February 19, 2008** before the commencement of trial.
15     XII.  PROPOSED JURY INSTRUCTIONS, VOIR DIRE, VERDICT FORM
16     A.   Jury Instructions
17     Counsel are directed to meet and confer and to attempt to
18 agree upon a joint set of jury instructions.  Counsel shall use
19 the Ninth Circuit Model Jury Instructions and any revisions.
20 Alternate instruction or authority may only be used if a Ninth
21 Circuit Model Jury Instruction is unavailable.  The joint set of
22 instructions shall be lodged with the court clerk by **February 19,**
23 **2008** and shall be identified as the "Jury Instructions Without
24 Objection."
25     As to instructions on which there is dispute, the parties
26 shall adhere to the following procedure:

1          1.   The party offering contested instruction (s) shall
2 submit the instruction(s) and a brief memorandum in support of
3 the contested instruction(s).
4          2.   The party shall number the contested instruction
5 in a manner that shows where each contested instruction should be
6 placed in the tendered joint instructions.
7          3.   The contested instruction(s) and memorandum **shall
8 be filed with the joint set of instructions**.
9          4.   The party opposed to the contested instruction(s)
10 shall submit a brief memorandum succinctly stating the legal
11 basis of the objection(s) by **February 25, 2008.**
12     All instructions shall be, to the extent possible, concise,
13 understandable, and free from argument.  See Local Rule 51-
14 163(c).  Parties shall also note that any modifications of
15 instructions from statutory authority, case law or from any form
16 of pattern instructions must specifically state the modification
17 by underlining additions and bracketing deletions, except in the
18 "clean version" for use by the jury.
19     B.   Verdict Form
20     The parties shall lodge a joint verdict form(s) concurrently
21 with proposed jury instructions by **February 19, 2008.**  If
22 necessary, a special verdict or interrogatories shall be included
23 for all factual disputes submitted to the jury that must be
24 resolved before questions of law can be decided, and for any
25 other issue on which specific responses are desired.  See Local
26 Rule 51-163(e).

13

Where disagreement exists, the parties shall explain the disagreement and submit points and authorities supporting their respective positions by **February 25, 2008.**

    C.   <u>Voir Dire</u>

The Court reserves the right to conduct all examination of prospective jurors. Notwithstanding this reservation, the Court will permit each side up to ten (10) minutes to conduct voir dire "for cause", if desired. The parties are directed to meet and confer and attempt to agree upon a joint set of proposed voir dire questions. The joint set of voir dire questions shall be lodged with the Court by **February 19, 2008.** Parties may also submit proposed voir dire questions which are disputed. Disputed voir dire questions shall also be lodged with the Court by **February 25, 2008.**

    D.   <u>Submission of Documents to the Court</u>

At the time of lodging their respective proposed jury instructions, verdict form(s), and voir dire questions, counsel shall also electronically mail to the Court in digital format and compatible with Microsoft Word or WordPerfect, the proposed jury instructions ("clean version"), verdict form(s), and voir dire questions. **These documents should be sent to [mceorders@caed.uscourts.gov.](mailto:mceorders@caed.uscourts.gov)**

///
///
///
///

14

1       E. <u>Failure to Participate</u>

2       The failure of one or more of the parties to participate in
3 the preparation of joint jury instructions, proposed verdict
4 form(s), or voir dire questions does not excuse the other party
5 or parties from their obligation to timely file these documents
6 with the Court in accordance with this order.  In the event of
7 such failure, the party or parties timely submitting these
8 documents shall include a declaration setting forth the reason
9 for the lack of participation.

10      XIII. <u>AUDIO/VISUAL EQUIPMENT</u>

11       The parties are required to make a joint request, in writing
12 to the Courtroom Deputy, Stephanie Deutsch, by **February 11, 2008**
13 if they wish to reserve and arrange for orientation with all
14 parties on the Court's mobile audio/visual equipment for
15 presentation of evidence.  There will be one date and time for
16 such orientation.  Because each courtroom is not individually
17 equipped with the mobile audio/visual equipment, the equipment
18 may already be reserved for another courtroom.  In such, case,
19 the parties will need to consult with Ms. Deutsch if they wish to
20 furnish their own equipment and operator with the permanent
21 equipment in the courtroom.

22      XIV. <u>DAUBERT/KUMHO PROCEDURE</u>

23       Any motions based on <u>Daubert v. Merrell Dow Pharmaceuticals,</u>
24 <u>Inc.</u>, 509 U.S. 579 (1993) and/or <u>Kumo Tire Co. v. Carmichael</u>, 119
25 S. Ct. 1167 (1999) must be filed by **February 8, 2008.**
26 ///

15

Oppositions must be filed by **February 15, 2008** and any reply must be filed by **February 22, 2008**. The motions will be heard by the Court on **February 29, 2008, at 9:00 a.m.**

XV.   DATE AND LENGTH OF TRIAL

A trial is scheduled for **March 3, 2008.** The estimated length of trial is **ten (10) days**. The trial will consist of **eight (8) jurors**. Counsel are to call Stephanie Deutsch, Courtroom Deputy, at (916) 930-4207, by **February 19, 2008** to ascertain the status of the trial date.

XVI.   OBJECTIONS TO PRETRIAL ORDER

Each party is granted five (5) court days from the date of this Final Pretrial Order to object to any part of the Order or to request augmentation to it. A Final Pretrial Order will be modified only upon a showing of manifest injustice. If no objection or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: September 25, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

16