UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SHARON PATERSON,

        Plaintiff,

  v.

CALIFORNIA DEPARTMENT OF GENERAL SERVICES, RAYMOND ASBELL, and INTER-CON SECURITY SYSTEMS, INC.,

        Defendants.

No. 2:05-CV-00827-MCE-JFM

MEMORANDUM AND ORDER

----oo0oo----

    Presently before the Court is Defendant Inter-Con Security Systems' ("Inter-Con") motion to reduce punitive damages.[1]

    Plaintiff brought this action seeking damages for sexual harassment and retaliation under both California and federal law. The matter was submitted to a jury which found in favor of Plaintiff.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

The jury also found that Plaintiff was entitled to punitive damages under the standard provided by Title VII, but that Plaintiff was not entitled to punitive damages under the stricter standard provided by California's Fair Employment and Housing Act ("FEHA"). The jury then awarded Plaintiff punitive damages in the amount of $4,137,500.00. Defendant now moves to reduce the amount of punitive damages in accordance with Title VII's $300,000 cap on damages.

Section 1981a caps damages in a Title VII action at $300,000 for an employer who employs more than 501 employees. Inter-Con admits that it employs more that 501 employees. This cap does not apply to state law claims. According to Ninth Circuit case law, where the verdict does not differentiate between claims in awarding damages, the Court has discretion regarding how to allocate the damages award and the Court has a general obligation to uphold lawful jury awards wherever possible. *Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 509-510 (9th Cir. 2000); *Pavon v. Swift Transp. Co.*, 192 F.3d 902, 910-911 (9th Cir. 1999).

Plaintiff does not dispute that the Title VII cap applies to the jury's award of punitive damages under Title VII. She seeks to reserve her argument on appeal that she is entitled to the entire amount under state law. Accordingly, Plaintiff's punitive damage award shall be reduced to $300,000.00 as required by Title VII. Inter-Con further requests that the Court further reduce the award by applying the cap to Plaintiff's compensatory damages and by the settlement agreements Plaintiff reached with other defendants. The Court declines to so reduce Plaintiff's award.

2

1  The Court is well within it's discretion to allocate the
2 entire compensatory damage award to Plaintiff's state law claims
3 and to allocate the punitive damages to her federal claims.
4 Further reducing Plaintiff's damages would not comport with this
5 Court's "general obligation to preserve lawful jury awards when
6 possible." *Passantino*, 212 F.3d at 510.

## CONCLUSION

For the foregoing reasons, Defendant Inter-Con's Motion to Reduce the Award of Punitive Damages is GRANTED.  The Clerk of the Court is directed to enter an amended judgment reducing the award of punitive damages to $300,000.00.

IT IS SO ORDERED.

Dated: September 9, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE